UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-23594-CIV-WILLIAMS/MCALILEY

ACCESS 4 ALL INCORPORATED, *et al.*,

    Plaintiffs,

vs.

THE 300 BUILDING CONDOMINIUM
ASSOCIATION, INC., *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION
ON UNOPPOSED MOTION TO
<u>SET ASIDE CLERK'S DEFAULT</u>**

Pending before the Court is an Unopposed Motion to Set Aside Clerk's Default (the "Motion") (ECF No. 17), which the Honorable Kathleen M. Williams referred to me for a report and recommendation. (ECF No. 18). For the reasons that follow, I recommend that the Court grant the Motion.

**I.    Background**

On October 13, 2021, Plaintiffs, Access 4 All Incorporated and Juan Carlos Gil, filed this action under the Americans with Disabilities Act ("ADA"), against The 300 Building Condominium Association, Inc., Faustino Perez, Belkys M. Caballero, Jose M. Negrin, Berta Negrin, Alex F. Negrin, Matilen Corp., and Abelex Barber Shop, LLC (collectively, "Defendants"). (ECF No. 1). Defendants were served with the Complaint and

summonses, and their responses to the Complaint were due on either November 8, 15 or 18, 2021. (ECF Nos. 5-12).

On November 18, Juan Antonio Sanchez, Esq. filed a Notice of Appearance on behalf of all Defendants. (ECF No. 14). He did not, however, file a timely response to the Complaint on behalf of any Defendant.

Accordingly, on November 23, Judge Williams entered an Order that directed the Clerk to enter default against all Defendants for failure to plead or otherwise defend. (ECF No. 15). The Clerk did so that day. (ECF No. 16).

On December 2, Defendants filed this Motion. (ECF No. 17). Defendants assert that: (i) the default was not willful, (ii) setting it aside would not prejudice Plaintiffs, and (iii) Defendants have meritorious defenses. (*Id.*). Plaintiffs do not object to the relief requested. (*Id.* at 3).

## II. Standard

The Court has "considerable discretion" in deciding whether to set aside a default. *In re Fortner*, No. 12-60478-CIV, 2012 WL 3613879, at *7 (S.D. Fla. Aug. 21, 2012) (citing *Robinson v. United States*, 734 F.2d 735, 739 (11th Cir. 1984)). "The Eleventh Circuit has held that defaults are disfavored because of the strong policy of determining cases on their merits." *Id*. (citing *Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993)). A party seeking to vacate a default must only make a "bare minimum showing" to support the claim for relief. *Id.* (quoting *Jones v. Harell*, 858 F.2d 667, 669 (11th Cir. 1988)).

Rule 55(c) of the Federal Rules of Civil Procedure provides that a court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). The good cause standard is less stringent than the standard used for setting aside a default judgment. *EEOC v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990). Good cause is not subject to a precise formula and courts consider a number of factors when determining whether good cause exists. *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). Those factors include: whether (1) the default was culpable or willful, (2) setting aside the default would prejudice the adversary, (3) the defaulting party presents a meritorious defense, (4) the public interest was implicated, (5) there was significant financial loss to the defaulting party, and (6) the defaulting party acted promptly to correct the default. *Id.* (citations omitted). Courts need not consider every factor. *Id.*

### III. Analysis

I credit the statement in Defendants' Motion that they hired counsel "right before a response was due" and that counsel soon after became ill and was unexpectedly hospitalized from November 9 to November 12, 2021. (ECF No. 17 at 3). It is thus reasonable that Defendants would need additional time to respond to the Complaint. Although counsel filed his notice of appearance on November 18 – the latest deadline to file a response – without responding to the Complaint or filing a motion for extension of time, I do not find that this delay demonstrates an "intentional or reckless disregard" for these proceedings. *Pure Fresh, LLC v. Liaison Can./U.S. Logistics (USA) Corp.*, No. 19-cv-60079, 2019 WL 1921991, at *1 (S.D. Fla. Apr. 30, 2019) ("A party willfully defaults

3

by displaying either an intentional or reckless disregard for the judicial proceedings."). Defendants' counsel and Plaintiffs' counsel have been in communication about this case, and Defendants state that they are already in the process of correcting the alleged ADA violations. (ECF No. 17 at 3). Defendants acted promptly to correct the default, after conferral with Plaintiffs' counsel. This case is still in its earliest stages and the Court has not yet entered a scheduling order. Setting aside the default, therefore, would not prejudice Plaintiffs, and, importantly, Plaintiffs agree. *See* (*id.*).

On this record, I find good cause to set aside the Clerk's entry of default. I therefore recommend that the Court grant Defendant's Motion (ECF No. 17) and set aside the default (ECF No. 16).

## IV.   Objections

No later than fourteen days from the date of this Report and Recommendation the parties may file any written objections to this Report and Recommendation with the Honorable Kathleen M. Williams, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989), 28 U.S.C. § 636(b)(1), 11th Cir. R. 3-1 (2016).

RESPECTFULLY RECOMMENDED in Miami, Florida this 6th day of January, 2022.

_____
CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Kathleen M. Williams
    Counsel of record